Case No. 25-20258

---

# In the United States Court of Appeals for the Fifth Circuit

◆

THE JUNEAU GROUP, L.L.C.,
PLAINTIFF – APPELLANT/CROSS-APPELLEE

V.

VENDERA MANAGEMENT HOLDINGS, L.L.C. DOING BUSINESS AS
VENDERA RESOURCES; VR4-MORIA, L.P.
DEFENDANTS – APPELLEES/CROSS-APPELLANTS

BOKF NATIONAL ASSOCIATION, DOING BUSINESS AS BANK OF TEXAS,
DEFENDANT – APPELLEE

◆

On Appeal from the United States District Court
Southern District of Texas, Houston Division
No. 4:24-cv-02856, the Honorable Charles Eskridge, Presiding

◆

**OPENING BRIEF OF APPELLANT**

◆

Clouthier Law, PLLC
Susan J. Clouthier
Tex. Bar No. 24062673
9950 Woodloch Forest Dr, Ste 1300
The Woodlands, Texas 77380
Telephone: (346) 443-4300
Fax: (346) 443-4343
susan@clouthierlaw.com

**Attorney for Appellant**
**The Juneau Group, L.L.C.**

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to 5th Cir. R. 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

| | |
|---|---|
| District Judge: | The Honorable Charles Eskridge |
| Appellant: | The Juneau Group, L.L.C.[1] |
| Counsel for Appellant: | Susan J. Clouthier<br>Clouthier Law, PLLC<br>9950 Woodloch Forest Dr, Ste 1300<br>The Woodlands, Texas 77380 |
| Trial Counsel for Appellant:[2] | Ann Marie Jordan<br>Carter Arnett PLLC<br>8150 N. Central Expy., Suite 500Dallas, TX 75206<br><br>Ethan Graham Gibson<br>Gibson P.C.<br>4 Houston Center<br>1221 Lamar St., Suite 1001<br>Houston, TX 77010<br><br>Jeffrey David Anderson<br>JDA Trials<br>430 Heights Boulevard |

---

[1] Referred to herein as "Juneau."
[2] This includes former counsel.

Houston, TX 77007

David M Prichard
Prichard Young LLP
10101 Reunion Place, Suite 600
San Antonio, TX 78216

Edgar Leon Carter
Carter Arnett PLLC
8150 N. Central Expy., Suite 500
Dallas, TX 75206

Jost Martin Lunstroth
Gibson P.C.
1221 Lamar St., Suite 1001
Houston, TX 77010

Michael Clayton Pomeroy
Cozen O'Connor
1717 Main Street, Suite 3100
Dallas, TX 75201

Monica Litle Goff
Carter Arnet PLLC
8150 N. Central Expy., Suite 500
Dallas, TX 75206

| | |
|---|---|
| Appellee and Cross-Appellant: | Vendera Management Holdings, LLC, d/b/a Vendera Resources VR4-Moria, L.P.[3] |
| Counsel for Appellee and Cross-Appellant: | Thomas G. Ciarline, Jr. Demetri J. Economou Kane Russell Coleman Logan, PC 5151 San Felipe, Suite 800 Houston, Texas 77056 |

---

[3] Referred to herein as "Vendera."

iii

Trial Counsel for Appellee
and Cross-Appellant:

Thomas G. Ciarline, Jr.
Demetri J. Economou
Kane Russell Coleman Logan, PC
5151 San Felipe, Suite 800
Houston, Texas 77056

Appellee and Cross-Appellant:     BOKF, N.A. d/b/a Bank of Texas[4]

Counsel for Appellee and:
Cross-Appellant

David Wayne Leimbach
Chad Ellis Thurman
Frederic Dorwart, Lawyers PLLC
124 East Fourth Street
Tulsa, OK 74103-5027

Patrick P. Sandman
Frederic Dorwart, Lawyers PLLC
5956 Sherry Ln., Suite 680
Dallas, TX 75225

Trial Counsel for
Appellee and Cross Appellant:

David Wayne Leimbach
Chad Ellis Thurman
Frederic Dorwart, Lawyers PLLC
124 East Fourth Street
Tulsa, OK 74103-5027

Patrick P. Sandman
Frederic Dorwart, Lawyers PLLC
5956 Sherry Ln., Suite 680
Dallas, TX 75225

**/s/ *Susan J. Clouthier***
Susan J. Clouthier

---

[4] Referred to herein as "BOKF."

iv

## STATEMENT REGARDING ORAL ARGUMENT

Appellant, The Juneau Group, L.L.C., respectfully requests oral argument. Although Appellant represents that the facts and legal arguments are thoroughly presented in this brief and in the record, Appellant suggests that the decisional process of this Court would be aided by oral argument. This case concerns matters of Louisiana and Texas state law pertaining to reinstating a dissolved limited liability company and whether there is a clear indication of the law for this Court to decide this matter. Appellant contends that discussing the relevant state laws may shed further light upon the application of authority in this case. Accordingly, Appellant requests oral argument.

TABLE OF CONTENTS

Certificate of Interested Persons ...............................................................ii

Statement Regarding Oral Argument .......................................................v

Table of Authorities ..............................................................................vii

Subject Matter and Appellate Jurisdiction ...........................................1

Statement of the Issues ..........................................................................2

Statement of the Case..............................................................................2

    I.     Relevant facts and procedural history. ...............................2

Summary of the Argument ....................................................................4

Argument and Authorities......................................................................7

    I.     Standard of review.............................................................7

    II.    The district court should have abated the suit pending the
        determination of reinstatement by a Louisiana trial court
        because the trial court determines whether reinstatement is
        retroactive. ........................................................................7

    III.   Louisiana law is not settled on retroactive reinstatement of
        a dissolved limited liability company. ...............................13

    III.   Alternatively, the district court applied the wrong state's
        law on the issue of retroactivity of Juneau's Texas claims. 19

    IV.   Further in the alternative, Juneau suggests that this Court
        certify a question to the Supreme Court of Louisiana........26

Conclusion .............................................................................................27

Certificate of Service..............................................................................29

Certificate of Compliance ......................................................................30

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andersen v. Succession of Bergeron,*
  2016-0922 La. App. 1 Cir. 4/12/17, 217 So. 3d 1248 ............................18

*Cambrie Celeste, LLC v. Starboard Mgmt., LLC,*
  2019-0401 La. App. 4 Cir. 12/4/19, 286 So. 3d 600 .............................17

*Doerr v. Mobil Oil Corp.,*
  2000-0947 La. 12/19/00, 774 So. 2d 119 ........................................16, 17

*Federal Crude Oil Co. v. State,*
  169 S.W.2d 283 (Tex. Civ. App.—Austin, writ ref'd) ..........................23

*G. Richard Goins Const. Co., Inc. v. S.B. McLaughlin Associates, Inc.,*
  930 S.W.2d 124 (Tex. App.—Tyler 1996, writ denied)..........................23

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.,*
  313 F.3d 305 (5th Cir. 2002)................................................................7

*Gucci 1 Field Services, LLC v. Reeves,*
  23-73 La. App. 5 Cir. 11/8/23, 377 So. 3d 354 ....................................17

*In re Reinstatement of CBG Investment Group, L.L.C.,*
  09–2150 (La.App. 1 Cir. 6/3/10); 42 So.3d 429 ...................................11

*In re Reinstatement of S. Labor Services, L.L.C.,*
  13-775 La. App. 5 Cir. 5/14/14, 142 So. 3d 60 ..............................Passim

*In re Reinstatement of S&D Roofing, LLC,*
  16-85 La. App. 5 Cir. 9/22/16, 202 So. 3d 177 .........................17, 18, 19

*In re Reinstatement of Venture Associates, Inc. of Louisiana,*
  2004-0439 La. App. 1 Cir. 2/11/05, 906 So. 2d 498 .............................13

*Kingman Holdings, L.L.C. as Tr. of Foothill Pine 20923 Land Tr. v. Chase Home Fin., L.L.C.*,
  No. 5:15-CV-019-RP, 2015 WL 13802564 (W.D. Tex. Apr. 20, 2015) ..21

*Krebs, Lasalle, Lemieux Consultants, Inc. v. G.E.C., Inc.*,
  16-24 La. App. 5 Cir. 7/27/16, 197 So. 3d 829 ....................................15

*Leader Buick, GMC Trucks, Inc. v. Weinmann*,
  2002-2006 La. App. 4 Cir. 2/19/03, 841 So. 2d 34 ...............................15

*Machete Prods., L.L.C. v. Page*,
  809 F.3d 281 (5th Cir. 2015)....................................................................7

*Pocket Billiards & Bar, LLC v. Fast & Affordable Coll. Student Movers, Inc.*,
  2022-0109 La. App. 4 Cir. 8/10/22, 346 So. 3d 399 ............................14

*Robertson v. Weinmann*,
  2000-0799 La. App. 4 Cir. 2/21/01, 782 So. 2d 38 ...............................15

*US Bank Nat'l Ass'n*,
  No. 3:13-CV-226-N, 2013 WL 12143828 (N.D. Tex. Apr. 12, 2013).....21

*Vo v. Harris Cnty. Commissioners Court*,
  No. 05-21-00307-CV, 2022 WL 4376714 (Tex. App.—Dallas Sep. 22, 2022, pet. denied)...................................................................................21

**Statutes**

28 U.S.C. § 1291 .......................................................................................1

28 U.S.C. § 1332(a) ...................................................................................1

La. Civ. Code art. 1...................................................................................16

La. Civ. Code art. 3...................................................................................17

La. Civ. Code art. 4...................................................................................18

La. Rev. Stat. § 12:1335.1 ................................................................9, 13

La. Rev. Stat. § 12:1335.1(B)..................................................9, 11, 18, 27

Tex. Bus. Orgs. Code § 9.004................................................................23

Tex. Bus. Orgs. Code § 9.011................................................................24

Tex. Bus. Orgs. Code § 9.103(a) ...........................................................24

Tex. Bus. Orgs. Code § 9.103(b) .......................................................24, 26

Tex. Tax Code § 171.0002................................................................20, 22

**Rules**

Fed. R. App. P. 4.................................................................................1

Fed. R. App. P. 32(a)(5) ......................................................................31

Fed. R. App. P. 32(a)(6) ......................................................................31

Fed. R. App. P. 32(a)(7)(B)(i)...............................................................31

Fed. R. Civ. 12(c) ........................................................................3, 4, 7, 8

Fed. R. Civ. P. 17.............................................................................8, 20

La. Sup. Ct. R. 12 ..............................................................................27

SUBJECT MATTER AND APPELLATE JURISDICTION

**Subject Matter Jurisdiction in the district court**. The district court from which this appeal is taken had jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), commonly referred to as diversity jurisdiction.

**Jurisdiction in the Court of Appeals**. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Jurisdiction under this statute is proper because this appeal is from a Final Judgment rendered and entered in the United States District Court for the Southern District of Texas on June 16, 2025. ROA.1086.

This appeal is timely under the provisions of Rule 4 of the Federal Rules of Appellate Procedure because the Final Order was entered on June 16, 2025, and the Notice of Appeal was filed on June 18, 2025. ROA.1086-87.

## STATEMENT OF THE ISSUES

1. The district court should have abated the suit pending the determination of reinstatement by a Louisiana trial court because the trial court determines whether reinstatement is retroactive.

2. Louisiana law is not settled on retroactive reinstatement of a dissolved limited liability company.

3. Alternatively, the district court applied the wrong state's law on the issue of retroactivity of Juneau's Texas claims.

4. Further in the alternative, Juneau suggests that this Court certify a question to the Supreme Court of Louisiana.

## STATEMENT OF THE CASE

### I. Relevant facts and procedural history.

Juneau filed suit against Vendera on July 30, 2024 in Cause No. 2024-48242 in the 165th Judicial district court of Harris County, Texas. ROA.16, 23. Vendera removed the case to the Southern District of Texas, Houston Division based upon diversity because Juneau is a limited liability company from the State of Louisiana and Vendera is a limited liability company owned by BFW, a Texas Corporation. ROA.17-18.

In its Original Petition dated July 30, 2024, Juneau alleged the

cause of action of trade secret misappropriation against Vendera. ROA.26. Juneau later amended its complaint on September 5, 2024 in which it added entities under Vendera and BOKF as defendants and alleged a breach of contract cause of action against BOKF and reasserted a cause of action for trade secret misappropriation against Vendera and BOKF. ROA.261-62, 267-70. The complaint was again amended on December 23, 2024, in which Juneau added the following causes of action: tortious interference with prospective contract, fraudulent concealment, common law fraud, and unjust enrichment. ROA.645, 662-66. Vendera filed a motion to strike this last complaint but the motion was denied. ROA.788, 860.[5]

On April 24, 2025, BOKF filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) alleging that Juneau did not exist as a limited liability company at the time it filed suit and therefore, lacked capacity to sue. ROA.949, 953. BOKF included an exhibit from the Louisiana Secretary of State evidencing Jacob

---

[5] In an effort of candor to this Court, during the course of proceedings at the district court, there were documents filed on behalf of Juneau that appear to be drafted by AI and contained AI hallucinations—Docket entries 82-84. ROA.1021. Counsel for Juneau on appeal have not relied on any of these documents and have not cited to any of these documents in this brief.

Juneau filed an affidavit to dissolve Juneau on April 21, 2024. ROA.971. BOKF reasoned that because Jacob Juneau filed the affidavit to dissolve Juneau prior to filing suit in Harris County, Texas, on July 30, 2024, Juneau's claims are permanently extinguished against Vendera and BOKF because Juneau did not exist at the time. ROA.962. BOKF asked the district court to dismiss Juneau's claims with prejudice. ROA.965.

On May 22, 2025, Juneau responded to BOKF's motion stating that its capacity to sue is a defect that can be cured and Juneau was actively seeking reinstatement in the Fifteenth Judicial Court, Parish of Lafayette, Louisiana. ROA.1039-40. Juneau asked the district court to abate the proceedings for a period to allow Juneau to complete reinstatement proceedings in Louisiana. ROA.1040, 1049.

After a hearing on BOKF's motion and other non-related motions, the district court granted BOKF's motion and dismissed the case with prejudice on June 16, 2025. ROA.1086, 1143.

## SUMMARY OF THE ARGUMENT

First, this Court reviews a Rule 12(c) motion for judgment on the pleadings *de novo*.

Further, Louisiana statute allows a Louisiana trial court to

reinstate a limited liability company that has been dissolved by affidavit. Louisiana courts have required trial courts to conduct an evidentiary hearing to determine whether a company may be reinstated and if reinstatement would be retroactive. Therefore, the determination of reinstatement and retroactivity of a dissolved limited liability company rests with a Louisiana trial court. Juneau is currently seeking reinstatement with a Louisiana trial court and the district court should have abated the matter pending the outcome of reinstatement.

Furthermore, the district court's reliance on Louisiana cases to determine whether Juneau would be retroactively reinstated is misplaced because the cases are outside of the circuit Juneau is seeking reinstatement and are not binding. Louisiana does not adhere to stare decisis but stare constante. For cases to effectively become binding law, the principles must be adhered to by a long line of cases. Here, there are only a few cases that address the issue of reinstatement and retroactivity—too few for the principles to become binding. Because the cases were not binding, the district court was without an accurate depiction of Louisiana law to base its decision to dismiss the action.

Alternatively, the district court relied on Louisiana cases which

5

pertained to claims in Louisiana when the claims in this action are Texas claims. Juneau was registered as a foreign limited liability company in Texas and its registration was revoked by the Texas Secretary of State in 2024. A foreign limited liability company whose registration is revoked may not sue or be sued in Texas. However, Texas provides for retroactive reinstatement of registration. Therefore, should a Louisiana trial court reinstate Juneau, it could receive retroactive reinstatement of its Texas registration and its Texas claims the subject of this action would be unaffected.

Lastly, and further in the alternative, Juneau suggests that this Court certify the question, "whether a Louisiana limited liability company dissolved by affidavit in accordance with Louisiana statute is entitled to retroactive reinstatement to pursue claims that arose prior to dissolution but were not filed until after dissolution." The Supreme Court of Louisiana allows for a federal circuit court to certify questions to it of Louisiana state law. The question is appropriate here because it is an interpretation of a Louisiana statute and outcome determinative in this matter.

## ARGUMENT AND AUTHORITIES

### I.    Standard of review.

This Court reviews a Rule 12(c) dismissal *de novo. Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). Rule 12(c) states "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. FED. R. CIV. P. 12(c). A Rule 12(c) motion is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015). This issue is whether, in a light most favorable to the plaintiff, the complaint states a valid claim for relief. *Great Plains*, 313 F.3d at 312-13. Pleadings should be construed liberally and dismissal is appropriate where no disputed issues of fact and only questions of law remain. *Id.*

### II.    The district court should have abated the suit pending the determination of reinstatement by a Louisiana trial court because the trial court determines whether reinstatement is retroactive.

Louisiana courts have reinstated a dissolved entity retroactively and the district court should have abated the suit pending the

determination of reinstatement and retroactivity by a Louisiana trial court.

On April 24, 2025, BOKF filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) alleging that Juneau did not exist as a limited liability company at the time it filed suit and therefore, lacked capacity to sue. ROA.949, 953. BOKF included an exhibit from the Louisiana Secretary of State evidencing Jacob Juneau filed an affidavit to dissolve Juneau on April 21, 2024. ROA.971. BOKF reasoned that because Jacob Juneau filed the affidavit to dissolve Juneau prior to filing suit in Harris County, Texas, on July 30, 2024, Juneau's claims are permanently extinguished against Vendera and BOKF because Juneau did not exist at the time. ROA.962. BOKF asked the district court to dismiss Juneau's claims with prejudice. ROA.965.

Juneau agrees with the reasoning in BOKF's motion that Louisiana law determines Juneau's existence. ROA.958-59. Under the federal rules, capacity to sue or be sued is determined by the law under which it was organized. FED. R. CIV. P. 17. Juneau is a Louisiana limited liability company organized under the laws of the State of Louisiana. ROA.970-75. Accordingly, there is no disagreement that the laws of the State of

Louisiana apply to Juneau's capacity.

Moreover, according to the laws of the State of Louisiana, a limited liability company may be dissolved by affidavit. "[I]f a limited liability company is no longer doing business, owes no debts, and owns no immovable property, it may be dissolved by filing an affidavit with the secretary of state executed by the members or by the organizer, if no membership interests have been issued, attesting to such facts and requesting that the limited liability company be dissolved. LA. REV. STAT. § 12:1335.1.

A limited liability company may also be reinstated. "The secretary of state shall reinstate a limited liability company that has been dissolved pursuant to this Section only upon receipt of an order issued by a court of competent jurisdiction directing him to do so." LA. REV. STAT. § 12:1335.1(B). The decision to reinstate and whether such reinstatement is retroactive rests with a Louisiana trial court.

Reinstatement requires an evidentiary hearing. In *Southern Labor*, a Louisiana limited liability company filed an affidavit to dissolve the company prior to a worker's compensation claim and third-party demand for indemnity against the company. *In re Reinstatement of S. Labor*

9

*Services, L.L.C.*, 13-775 La. App. 5 Cir. 5/14/14, 3, 142 So. 3d 60, 61. The members of the company filed a petition to reinstate the limited liability company thereafter for the purpose of defending against the claims. *Id.* Another purpose of reinstatement was to pursue claims against the entity demanding indemnification from the limited liability company. *Id.* A trial court granted reinstatement for the purpose of litigating the claims and granted the reinstatement retroactive to the date of dissolution by affidavit. *Id.* at 62. No evidence was presented at the hearing for reinstatement. *Id.* On appeal, the court of appeals considered whether the trial court reversibly erred when it reinstated the limited liability company retroactive to its date of dissolution. *Id.* The court of appeals recognized that there is no statutory guidance or jurisprudential guidance from the circuit whether a dissolved limited liability company is entitled to reinstatement without having evidence admitted in support of the reinstatement. *Id.* at 63.

The court of appeals in *Southern Labor* vacated the trial court's judgment and remanded the matter to the trial court for an evidentiary hearing to prove entitlement to reinstatement. *Id.* at 64. The court of appeals relied on another case, *CBG Investment Group*, which held that

members of a limited liability company granted reinstatement ex parte were not entitled to reinstatement in order to defend a claim without an evidentiary hearing. *Id.* at 63 (*citing In re Reinstatement of CBG Investment Group, L.L.C.*, 09–2150 (La.App. 1 Cir. 6/3/10); 42 So.3d 429, 434). The court in *Southern Labor* did not address whether a dissolved limited liability company could be reinstated by a trial court with a date retroactive to its dissolution but did hold that the trial court needs to conduct an evidentiary hearing proving entitlement to reinstatement. *Southern Labor*, 142 So. 3d at 64.

In this matter, all parties agree that Juneau's existence is determined by the laws of the State of Louisiana. ROA.958-59. Moreover, all parties agree that Juneau filed an affidavit for dissolution on April 21, 2024. ROA.959. Given such agreement, there should be no reason everyone would not agree that the decision whether to reinstate Juneau, and the retroactivity of the reinstatement, rests with a Louisiana trial court. Such proposition is supported by statute and courts in Louisiana have required such in the past. *See* LA. REV. STAT. § 12:1335.1(B); *Southern Labor*, 142 So. 3d at 64.

In response to BOKF's motion for judgment on the pleadings,

11

Juneau stated that it was actively seeking reinstatement from the Fifteenth Judicial Court, Parish of Lafayette, Louisiana and asked the district court to abate the motion to allow Juneau time to seek reinstatement from the Louisiana trial court. ROA.1039-41. This did not occur in this matter. Instead, the district court granted BOKF's motion and dismissed the case with prejudice. ROA.1086.

It appears the district court's rationale for granting the motion to dismiss was that it was satisfied that reinstatement of a limited liability company would not be retroactive. ROA.1138-39. The district court discussed four cases that stood for that proposition. These cases will be discussed *infra* because the law is not settled on the issue. However, the determination of reinstatement and retroactivity rests with a Louisiana trial court after an evidentiary hearing, not with the district court. *Southern Labor*, 142 So. 3d at 64. Accordingly, the district court should have abated the proceedings pending the Louisiana trial court's determination of whether Juneau would be reinstated retroactive to its date of dissolution. Therefore, this Court should vacate the district court's order dismissing the action with prejudice and remand to the district court to abate the proceedings pending the Louisiana trial court's

12

determination.

## III. Louisiana law is not settled on retroactive reinstatement of a dissolved limited liability company.

The law is clear that a trial court in Louisiana may reinstate a limited liability company because Louisiana statute allows for it. LA. REV. STAT. § 12:1335.1 ("The secretary of state shall reinstate a limited liability company that has been dissolved pursuant to this Section only upon receipt of an order issued by a court of competent jurisdiction directing him to do so."). Also, Louisiana courts in the past have reinstated companies retroactive to the date of dissolution. *In re Reinstatement of Venture Associates, Inc. of Louisiana*, 2004-0439 La. App. 1 Cir. 2/11/05, 10, 906 So. 2d 498, 503. But the law is not settled and the determination whether Juneau will be reinstated and whether reinstatement is retroactive is guided by the principles of equity because there are no statutes or customary law that govern the issue.

The cases relied on by the district court when it granted BOKF's motion for judgment on the pleadings and dismissed the action with prejudice are persuasive only and not settled Louisiana law. The Louisiana Fourth Circuit has held that a limited liability company dissolved prior to filing suit ceased to exist and lacked the capacity to file

13

suit. *Pocket Billiards & Bar, LLC v. Fast & Affordable Coll. Student Movers, Inc.*, 2022-0109 La. App. 4 Cir. 8/10/22, 6, 346 So. 3d 399, 403. In *Pocket Billiards*, a limited liability company sued a moving company for damages incurred in the process of moving. *Id.*, 346 So. 3d at 401. The moving company filed an exception of no cause of action alleging that Pocket Billiards filed an affidavit to dissolve prior to bringing suit. *Id.* The trial court granted the exception and dismissed the claim with prejudice. *Id.* Pocket Billiards appealed claiming the trial court erred by granting the exception and not allowing Pocket Billiards to amend its petition. *Id.* The Louisiana Fourth Circuit affirmed the exception finding that Pocket Billiards was dissolved prior to filing suit and therefore, ceased to exist and lacked the capacity to file suit. *Id.* at 403. The district court relied on Pocket Billiards when granting the motion to dismiss quoting BOKF that permitting amendment would be futile because there is no reservation or protection of a limited liability company's claims once dissolved. ROA.1138.

The district court also relied on *Krebs*, *Leader Buick*, and *Robertson* for further support. In *Krebs*, the Louisiana Fifth Circuit affirmed an exception of no right action dismissing the case where a corporation

14

voluntarily dissolved prior to filing a petition similar to *Pocket Billiards*. *Krebs, Lasalle, Lemieux Consultants, Inc. v. G.E.C., Inc.*, 16-24 La. App. 5 Cir. 7/27/16, 1, 197 So. 3d 829, 830. The district court also mentioned *Leader Buick* for the proposition that "there is no public policy or statutory provision which permits the reinstatement to be retroactive and grants the revival of the corporation's inchoate claims." *Leader Buick, GMC Trucks, Inc. v. Weinmann*, 2002-2006 La. App. 4 Cir. 2/19/03, 6, 841 So. 2d 34, 38. Lastly, the district court quoted *Robertson* for the proposition that "reinstatement of a corporation dissolved by affidavit should not be given retroactive effect so as to revive the inchoate claims of the corporation." *Robertson v. Weinmann*, 2000-0799 La. App. 4 Cir. 2/21/01, 6, 782 So. 2d 38, 42.

The district court's reliance on these cases as settled law in Louisiana is misplaced. First, *Pocket Billiards*, *Leader Buick*, and *Robertson* are Louisiana Fourth Circuit cases and *Krebs* is a case from the Louisiana Fifth Circuit. These decisions are not binding on the Louisiana Third Circuit, the intermediate court of appeals whose district Juneau is seeking reinstatement in the Fifteenth Judicial Court, Parish of Lafayette, Louisiana. *Doerr v. Mobil Oil Corp.*, 2000-0947 La. 12/19/00,

15

13, 774 So. 2d 119, 128, opinion corrected on reh'g, 2000-0947 La. 3/16/01, 782 So. 2d 573; ROA.1039-41. Since these cases are not binding on the circuit in which Juneau is seeking reinstatement, they cannot be relied on to accurately predict the outcome of Juneau's reinstatement.

Further, the cases are not an accurate depiction of Louisiana law because they are not legislation and are not customary law. In Louisiana, the only two sources of law are legislation and custom. LA. CIV. CODE ART. 1. "Judicial decisions . . . are not intended to be an authoritative source of law in Louisiana." *Doerr v. Mobil Oil Corp.*, 2000-0947 La. 12/19/00, 13, 774 So. 2d 119, 128, *opinion corrected on reh'g*, 2000-0947 La. 3/16/01, 782 So. 2d 573. Louisiana courts do not recognize stare decisis but instead jurisprudence constante. *Id.* Jurisprudence constante is "when a series of decisions form a constant stream of uniform and homogenous rulings having the same reasoning, jurisprudence constante applies and operates with considerable persuasive authority." *Id.* (internal citations omitted). This is opposed to stare decisis where a court may adhere to a single decision. *Id.* Law becomes customary when "courts consistently recognize a long-standing rule of law outside of legislative expression." *Id.*; LA. CIV. CODE ART. 3. The result when courts recognize and adhere to a long-

16

standing rule of law is that the rule becomes part of Louisiana custom and is enforced as the law of the State. *Doerr*, 774 So. 2d at 129.

In this matter, the district court cannot rely on the cases cited *supra* as an accurate statement of Louisiana law because they are not binding as legislation or custom. It is apparent the cases relied are not legislation. That leaves the question whether the issue has become customary law and the answer is likely, "no." Apart from the four cases cited by the district court, there are only a handful of cases that discuss the issue of dissolution, reinstatement, and retroactivity. *See Gucci 1 Field Services, LLC v. Reeves*, 23-73 La. App. 5 Cir. 11/8/23, 12, 377 So. 3d 354, 363; *Cambrie Celeste, LLC v. Starboard Mgmt., LLC*, 2019-0401 La. App. 4 Cir. 12/4/19, 7, 286 So. 3d 600, 604; *In re Reinstatement of S&D Roofing, LLC*, 16-85 La. App. 5 Cir. 9/22/16, 11, 202 So. 3d 177, 185.

In fact, Louisiana courts have commented on the lack of cases from which to rely for guidance pertaining to dissolution, reinstatement, and retroactivity of a limited liability company. "Due to the dearth of jurisprudence on this matter, we seek further guidance from case law addressing the analogous matter of reinstatement of corporations previously dissolved by affidavit." *S&D Roofing*, 202 So. 3d at 181. "The

17

above cited statute, La. R.S. 12:1335.1(B), does not address the circumstances under which a court may (or should) order reinstatement of a dissolved LLC. The jurisprudence on the issue is sparse; the majority of the reported cases address only the issue of the retroactivity, rather than the validity, of a court-ordered reinstatement." *Andersen v. Succession of Bergeron*, 2016-0922 La. App. 1 Cir. 4/12/17, 22–23, 217 So. 3d 1248, 1264, writ denied, 2017-0760 La. 9/22/17, 227 So. 3d 825. Accordingly, the district court was without an accurate statement of Louisiana law from which to base its decision.

Because there is no legislation or customary law on this matter, the Louisiana court determining reinstatement for Juneau must rely on equity. "When no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed according to equity. To decide equitably, resort is made to justice, reason, and prevailing usages." LA. CIV. CODE ART. 4. Deciding the matter pursuant to equity is in line with the Louisiana Fifth Circuit's recommendation for a fact driven evidentiary hearing to determine reinstatement and retroactivity. "[I]n the absence of express statutory guidance on the matter of retroactive reinstatement of corporations dissolved by affidavit,

18

Louisiana courts have primarily resorted to considerations of public policy in determining whether reinstatement is proper and whether it should be given retroactive effect. Placing particular emphasis on what shareholders knew prior to dissolution and for what purpose dissolution and reinstatement are being pursued, the courts' decisions demonstrate that these are fact-intensive inquiries, where the result is often determined by the unique circumstances of each case." *S&D Roofing,* 202 So. 3d at 185. This is consistent with its guidance from *Southern Labor* that an evidentiary hearing be conducted to prove entitlement to reinstatement. *Southern Labor*, 142 So. 3d at 63–64.

Without a clear indication of Louisiana law, the district court should have abated the proceedings pending reinstatement of Juneau by a Louisiana trial court. Therefore, this Court should vacate the district court's order dismissing the action with prejudice and remand to the district court to abate the proceedings pending the Louisiana trial court's determination of reinstatement.

## III.  **Alternatively, the district court applied the wrong state's law on the issue of retroactivity of Juneau's Texas claims.**

As stated *supra*, under the federal rules, capacity to sue to be sued is determined by the law under which it was organized. FED. R. CIV. P.

17. But all the law reviewed by the district court when it considered BOKF's motion for judgment on the pleadings pertained to claims in Louisiana whereas the claims in this case are Texas claims and Texas law provides for retroactive reinstatement of a foreign limited liability company whose status in the State of Texas has been terminated.

In its motion for judgment on the pleadings, BOKF argued that Juneau lacked capacity in Texas to bring its claims under Texas law. ROA.963-65. BOKF attached evidence from the Texas Secretary of State terminating Juneau's status as a foreign limited liability company registered in the State of Texas on May 23, 2024 for not complying with §171 of the TEX. TAX CODE. ROA.979, 981.

First, in its motion, BOKF asserted that Juneau lacked legal existence and cited multiple cases for the proposition that only suits in Texas may be maintained by or against parties having an actual legal existence. ROA.963. BOKF's case law for such a proposition is inapplicable to Juneau because the cases cited apply to entities that cannot maintain a suit as a matter of law. *Tr. v. US Bank Nat'l Ass'n*, No. 3:13-CV-226-N, 2013 WL 12143828, at *2 (N.D. Tex. Apr. 12, 2013) (A trust is not a legal entity); *Vo v. Harris Cnty. Commissioners Court*, No.

05-21-00307-CV, 2022 WL 4376714, at *3 (Tex. App.—Dallas Sep. 22, 2022, pet. denied) (Named plaintiff not a registered entity with the Texas Secretary of State); *Kingman Holdings, L.L.C. as Tr. of Foothill Pine 20923 Land Tr. v. Chase Home Fin., L.L.C.*, No. 5:15-CV-019-RP, 2015 WL 13802564, at *2 (W.D. Tex. Apr. 20, 2015) (Party terminated by merger).

Here, Juneau is a foreign limited liability company organized under the laws of the State of Louisiana. ROA.970. It is not a trust attempting to maintain suit in the name of the trust. Further, Juneau was registered with the Texas Secretary of State unlike the entity in *Vo*. ROA.984. Last, it has not been terminated by merger. Instead, Juneau is in the process of being reinstated by a trial court in Louisiana. ROA.1039-41.

BOKF further argued that Juneau lacked capacity to sue because Juneau's registration was terminated on May 23, 2024 under the TEX. TAX CODE. ROA.963-64. But BOKF did not mention that the TEX. TAX CODE contains revival provisions. ROA.963-64.

The TEX. TAX CODE includes limited liability companies within its definition of "taxable entity." TEX. TAX CODE § 171.0002. If a corporation does not file or pay its franchise tax, the comptroller will forfeit its

21

corporate privileges and its right to transact business in Texas. *Id.* §§ 171.251, 171.2515. Losing the right to operate includes the right to sue or defend in a court in the State of Texas. *Id.* § 171.252.

But this right may be revived. "A corporation whose charter or certificate of authority is forfeited under this chapter by the secretary of state is entitled to have its charter or certificate revived . . ." if the corporation complies with the requirements therein. *Id.* § 171.312. This includes limited liability companies which are taxable entities. "The secretary of state may, using the same procedures the secretary uses in relation to the revival of a corporation's charter or certificate, revive the certificate or registration of a taxable entity." *Id.* § 171.3125. Accordingly, Juneau may comply with the requirements in the TEX. TAX CODE and obtain revival of its Texas registration.

Revival is retroactive. "Once the right to sue or defend is revived, the corporation may sue or defend all causes of action, regardless of whether such causes arose before or during the period of forfeiture. *G. Richard Goins Const. Co., Inc. v. S.B. McLaughlin Associates, Inc.*, 930 S.W.2d 124, 128 (Tex. App.—Tyler 1996, writ denied) (*citing Federal Crude Oil Co. v. State*, 169 S.W.2d 283, 285 (Tex. Civ. App.—Austin, writ

22

ref'd), *cert. denied*, 320 U.S. 758 (1943). Here, Juneau's claims would be unaffected by the termination of its Texas registration upon revival because revival is retroactive.

Lastly, BOKF argued that Juneau's status automatically terminated in Texas upon dissolution in Louisiana and therefore, could not maintain the Texas suit. ROA.964-65. First, BOKF states that Juneau could not register as a foreign filing entity because it ceased to exist. The TEX. BUS. ORGS. CODE requires that applications to register state "the entity exists as a valid foreign filing entity of the stated type under the laws of the entity's jurisdiction of formation." TEX. BUS. ORGS. CODE § 9.004. Further, statute provides "[i]f the existence or separate existence of a foreign filing entity or foreign limited liability partnership registered in this state terminates because of dissolution, termination, merger, conversion, or other circumstances, a certificate by an authorized governmental official of the entity's jurisdiction of formation that evidences the termination shall be filed with the secretary of state." TEX. BUS. ORGS. CODE § 9.011.

In this case, there is no indication that Juneau was not a "valid foreign filing entity of the stated type under the laws of the entity's

23

jurisdiction of formation" when it registered with the Texas Secretary of State in Texas. ROA.984. Further, a plain reading of the statute pertaining to the dissolution of a foreign limited liability company does not provide for automatic termination but that a limited liability company file documentation evidencing such dissolution. TEX. BUS. ORGS. CODE § 9.011.

Just like the TEX. TAX CODE, there is a statutory revival provision. "The secretary of state shall reinstate the registration of an entity that has been revoked under this subchapter if the entity files an application for reinstatement . . .." TEX. BUS. ORGS. CODE § 9.103(a). Also, like the tax code, reinstatement if retroactive. "If a foreign filing entity's registration is reinstated before the third anniversary of the revocation, the entity is considered to have been registered or in existence at all times during the period of revocation." TEX. BUS. ORGS. CODE § 9.103(b). Here, Juneau's registration as a foreign limited liability company in Texas was terminated on May 23, 2024. ROA.979. The revival statute under the TEX. BUS. ORGS. CODE allows for retroactivity if Juneau is reinstated without three years of revocation. Fourteen months remain for Juneau to accomplish reinstatement. Therefore, just like the analysis under the

24

TEX. TAX CODE, Juneau's claims would be unaffected by the termination of its registration upon revival.

Accordingly, the law supporting BOKF's assertions in its motion for judgment on the pleadings does not support automatic dismissal based upon Juneau's dissolution but instead allows for the necessary retroactivity for Juneau to maintain its claims. If a trial court in Louisiana should reinstate Juneau, it could then take advantage of both revival provisions of the TEX. TAX CODE and the TEX. BUS. ORGS. CODE, which would be applied retroactively. Since such reinstatements in Texas would be applied retroactively, the claims Juneau brought in Cause No. 2024-48242, in the 165th District Court in Harris County, Texas remain valid prior to removal by Vendera. ROA.16, 23.

The district court erred here because it analyzed BOKF's motion for judgment on the pleadings based upon cases in Louisiana which analyzed the effect of dissolution on Louisiana claims. ROA.1138-39. The district court did not consider what would be required to maintain the Texas claims at issue in this case and as shown *supra*, BOKF's arguments that Juneau could not maintain such claims are not supported by the revival provisions found in Texas law.

25

Therefore, this Court should vacate the district court's order dismissing the case with prejudice and remand to the district court to abate the proceedings pending the Louisiana trial court's determination of reinstatement and for Juneau to revive its Texas registration.

## IV. Further in the alternative, Juneau suggests that this Court certify a question to the Supreme Court of Louisiana.

Louisiana allows for any Federal Circuit Court of the United States to certify a question or proposition of law that would be controlling in a case before it:

> When it appears to the Supreme Court of the United States, to any circuit court of appeal of the United States, or to any district court of the United States, that there are involved in any proceedings before it questions or propositions of law of this state which are determinative of said cause independently of any other questions involved in said case and that there are no clear controlling precedents in the decisions of the supreme court of this state, such federal court before rendering a decision may certify such questions or propositions of law of this state to the Supreme Court of Louisiana for rendition of a judgment or opinion concerning such questions or propositions of Louisiana law.

LA. SUP. CT. R. 12. A certified question to the Supreme Court of Louisiana may be upon this Court's own motion or upon the suggestion of any interested party. *Id.* Here, Juneau suggests that this Court certify the question, "whether a Louisiana limited liability company dissolved by

26

affidavit in accordance with Louisiana statute is entitled to retroactive reinstatement to pursue claims that arose prior to dissolution but were not filed until after dissolution?"

Certification of this question to the Supreme Court of Louisiana is proper because it is a question of Louisiana law. It is an interpretation of the LA. REV. STAT. § 12:1335.1(B) which is the statute Juneau relies on for reinstatement. The question would also be outcome determinative in this matter because an affirmative answer would cure the capacity issue BOKF complained about in its motion for judgment on the pleadings. ROA.959-60. Lastly, certifying a question would cure the issue argued *supra* that there is not a clear indication of law surrounding this issue.

Therefore, Juneau alternatively suggests that this Court certify the question, "whether a Louisiana limited liability company dissolved by affidavit in accordance with Louisiana statute is entitled to retroactive reinstatement to pursue claims that arose prior to dissolution but were not filed until after dissolution" to the Supreme Court of Louisiana.

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court's Final Judgment dismissing this action with prejudice and remand

to the district court for Juneau to seek reinstatement in Louisiana and Texas. In the alternative, Juneau suggests that this Court certify the question "whether a Louisiana limited liability company dissolved by affidavit in accordance with Louisiana statute is entitled to retroactive reinstatement to pursue claims that arose prior to dissolution but were not filed until after dissolution" to the Supreme Court of Louisiana. Juneau asks for all other relief as this Court deems just.

November 12, 2025

Respectfully submitted,

**CLOUTHIER LAW, PLLC**

/s/ Susan J. Clouthier
Susan J. Clouthier
Tex. Bar No. 24062673
9950 Woodloch Forest Dr, Ste 1300
The Woodlands, Texas 77380
Tel: (346) 443-4300
Fax: (346) 443-4343
susan@clouthierlaw.com

**Counsel for Appellant**
**The Juneau Group, L.L.C.**

28

## CERTIFICATE OF SERVICE

I certify that on November 12, 2025, the foregoing Brief was filed electronically using the Court's CM/ECF system, which will give notice of the filing to counsel for the Appellee.

I further certify that (1) the required privacy redactions have been made, 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

I further certify that I will mail the correct number of paper copies of the foregoing document to the Clerk of Court when requested.

/s/ *Susan J. Clouthier*
Susan J. Clouthier

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because this brief contains 5,334 words. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook font size 14.

/s/ *Susan J. Clouthier*_____
Susan J. Clouthier